**GARRICK–AUG ASSOCIATES STORE LEASING, INC. and Charles Aug, Plaintiffs,**

v.

**Michael HIRSCHFELD, the Hirschfeld Companies, Inc., European American Bank, Paul J. Arendt, Mark Anderson and John Doe, Defendants.**

No. 86 Civ. 2173 (KTD).

United States District Court, S.D. New York.

Dec. 9, 1986.

Schlam Stone & Dolan, New York City (Harvey M. Stone, of counsel), for plaintiffs.

Gold, Farrell & Marks, New York City (Jane G. Stevens, of counsel), for defendants Hirschfeld and the Hirschfeld Companies, Inc.

Lowenthal, Landau, Fischer & Ziegler, P.C., New York City (Lawrence L. Ginsburg, Joseph E. Gasperetti, of counsel), for defendants European American Bank, Paul J. Arendt and Mark Anderson.

KEVIN THOMAS DUFFY, District Judge:

Plaintiffs, Garrick-Aug Associates Store Leasing, Inc. ("Garrick") and Charles Aug ("Aug") bring this action against the defendants, Michael Hirschfeld ("Hirschfeld"), the Hirschfeld Companies, Inc. ("THC"), the European American Bank ("EAB"), Paul Arendt, and Mark Anderson (collectively "the EAB defendants") alleging, *inter alia,* that the defendants engaged in a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962(c), 1964(c) (1982) ("RICO"). The defendants move to dismiss the RICO claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim and to dismiss the state law claims pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. For the reasons which follow, defendants' motions are granted.

### FACTS

Plaintiff Aug and defendant Hirschfeld were the founders and principals of Garrick, a New York real estate brokerage firm. Plaintiffs claim that Hirschfeld arranged to have Garrick's corporate bank

accounts placed at EAB where Arendt and Anderson were the employees and officers in charge of Garrick's account. In connection with the transfer of the account to EAB, Aug and Hirschfeld executed a corporate resolution with EAB which required both men's written approval before Garrick could borrow money from EAB. Plaintiffs allege that the EAB defendants permitted loans to be made to Garrick on the basis of only Hirschfeld's signature in violation of the corporate resolution and that Hirschfeld misappropriated these funds for his personal use and for use by THC. Plaintiffs further allege that a $20,000 United States Treasury Bill held by Garrick was redeemed through EAB but never credited to Garrick's account. Plaintiffs further complain of various additional abuses of Garrick's assets by Hirschfeld.

## DISCUSSION

The only basis claimed for federal jurisdiction is RICO. To establish a violation of section 1962(c),[1] plaintiffs must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima S.P.R.L. v. Imrex,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Moss v. Morgan Stanley Inc.,* 719 F.2d 5, 17 (2d Cir.1983), *cert. denied, sub. nom. Moss v. Newman,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984). Section 1961(5) defines a "pattern of racketeering activity" as at least two acts of "racketeering activity" occuring within ten years of each other. 18 U.S.C. § 1961(5) (1982). "Racketeering activity" is defined in section 1961(1) and includes mail fraud pursuant to 18 U.S.C. § 1341 (1982). 18 U.S.C. § 1961(1)(B) (1982 & Supp.1985). "The two key elements of a mail fraud violation are a scheme to defraud and use of the mails in furtherance of that scheme." *United States v. Pisani,* 773 F.2d 397, 409 (2d Cir.1985).

Plaintiffs specify at least two mailings that they claim are in furtherance of the scheme to defraud Garrick: (1) On February 5, 1986 EAB notified Garrick, by letter, of a set off of $119,699.41 from its account because of loans made to Garrick allegedly at Hirschfeld's request; and (2) on February 13, 1986 Arendt wrote Aug notifying him that EAB was setting off $1,149.49 from Aug's personal account to cover Garrick's debts pursuant to Aug's personal guarantee with EAB. Plaintiffs further allege in their opposition papers, though not in their complaint, that "EAB mailed to Garrick its monthly statements and cancelled checks, including information regarding Garrick's loan account." Plaintiffs' Memo of Law in Opposition to Defendants' Motions to Dismiss the Complaint, 8.

The EAB defendants assert that the mailings alleged by plaintiffs are not in furtherance of the scheme to defraud Garrick and, thus, there is no jurisdictional predicate for a RICO violation.

Section 1341 requires that the mailings be "for the purpose of executing such scheme...." Mailings made after a scheme has reached fruition are not in furtherance of the scheme. *United States v. Maze,* 414 U.S. 395, 402, 94 S.Ct. 645, 649, 38 L.Ed.2d 603 (1974); *United States v. Ledesma,* 632 F.2d 670, 677–78 (7th Cir.), *cert. denied,* 449 U.S. 998, 101 S.Ct. 539, 66 L.Ed.2d 296 (1980). All of the mailings specifically referred to in the complaint, however, are confirmatory in nature. That is, they are simply notifications that EAB had set off particular sums against Garrick's and Aug's accounts because of Garrick's failure to repay the loans. Without question these mailings occurred after any fraudulent loans had been obtained and thus, could not have been in furtherance of any scheme to defraud.

Moreover, the set off letters, monthly statements, and cancelled checks mailed by

---

1. Section 1962(c) provides:
   It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

EAB to Garrick are disclosure documents which would tend to put Garrick on notice of the alleged scheme, rather than to conceal it. *See Maze* 414 U.S. at 403, 94 S.Ct. at 650; *United States v. Bonansinga,* 773 F.2d 166, 172 (7th Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 2281, 90 L.Ed.2d 723 (1986); *Spiegel v. Continental Illinois National Bank,* 790 F.2d 638, 649 (7th Cir.1986).

Nor are any of these mailings analogous to the mailing in *United States v. Elkin,* 731 F.2d 1005 (2d Cir.), *cert. denied,* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984), which plaintiffs rely on in support of their argument. In *Elkin,* the Court found that a verification letter sent after the scheme had reached fruition but which was designed to "lull" those defrauded into believing that the payments had been properly made, was in furtherance of the scheme within the meaning of the statute. *Elkin,* 731 F.2d at 1008; *see also United States v. Lane,* 474 U.S. 438, 106 S.Ct. 725, 733, 88 L.Ed.2d 814 (1986).

In contrast to the above, the mailings in this case could only have served to make it more likely that Garrick would uncover any schemes to defraud it. *See Maze,* 414 U.S. at 403, 94 S.Ct. at 650 (mailing sales slips of fraudulent credit card purchases to the bank and card owner made it more likely that defendant would be caught); *Spiegel,* 790 F.2d at 649 (letters indicating that fees had been deducted from trust assets put plaintiffs on notice of the alleged scheme); *Bonansinga,* 773 F.2d at 172 (invoices mailed to the defrauded company put it on notice of the fraudulent scheme). Moreover, this conclusion is supported by the fact that the plaintiffs discovered the allegedly fraudulent loans upon reviewing Garrick's financial records. Presumably, these records included the account statements and cancelled checks from Garrick's EAB account.

Because the mailings relied on by the plaintiffs to establish the predicate acts under RICO are not in furtherance of the alleged scheme to defraud, the RICO claims must be dismissed. *See Spiegel,* 790 F.2d at 649.

Furthermore, because plaintiffs' RICO claims provided the sole basis for federal jurisdiction, plaintiffs' remaining state law claims must also be dismissed. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Defendants' motions for the imposition of Rule 11 sanctions, including the payment of the costs and attorney's fees incurred in bringing this motion are denied, as it does not appear that plaintiffs' contentions were so wholly without merit as to require sanctions. All other motions are denied as moot.

SO ORDERED.